UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BEATRIZ HARO,<br><br>    Plaintiff<br><br>v.<br><br>CSAA GENERAL INSURANCE COMPANY,<br><br>    Defendant | Case No.: 2:22-cv-00676-APG-VCF<br><br>**Order Remanding This Action for Lack of Subject Matter Jurisdiction** |

Defendant CSAA General Insurance Company removed this action on the basis of diversity jurisdiction. If removal is sought based on diversity of citizenship, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If the initial pleading seeks nonmonetary relief or "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy," but only "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)." 28 U.S.C. § 1446(c)(2).

> Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. . . . This burden is particularly stringent for removing defendants because the removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand.

*Corral v. Select Portfolio Servicing, Inc*., 878 F.3d 770, 773–74 (9th Cir. 2017) (internal quotations, alterations, and citations omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th

Cir. 1992) (per curiam).  Where "it is unclear what amount of damages the plaintiff has sought," as with claims governed by Nevada Rule of Civil Procedure 8(a), "then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Id.*

To determine the amount in controversy on removal a court may consider the facts alleged in the complaint and in the notice of removal, and may "'require the parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir. 1995)).  A court also has discretion to consider a plaintiff's formal judicial admission that the amount in controversy is met. *Id*. at 376.

Because CSAA did not offer sufficient facts to support the court's exercise of jurisdiction in its petition for removal, I ordered it to show cause why this case should not be remanded. ECF No. 5.  In its response, CSAA provides evidence that the policy at issue had a $50,000 limit, the plaintiff incurred $40,884.89 in medical treatment, and the plaintiff received $25,000 from the tortfeasor. ECF Nos. 9-2 at 3; 9-4.  Based on my judicial, legal, and practical experience and common sense, I find it highly unlikely that the amount in controversy exceeds $75,000.  In addition to awarding full recovery of her uncovered medical bills, a jury would have to award additional damages or attorneys' fees in excess of $59,000.  The underlying allegations do not suggest such an award.  Thus, CSAA has not met its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Because I resolve all doubts regarding removal in favor of remand, I remand this action to state court.

I THEREFORE ORDER that this case is remanded to the state court from which it was removed for all further proceedings. The clerk of the court is instructed to close this case.

DATED this 16th day of May, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE